IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| LUCILLE TIMES | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:13-CV-564-WKW-TFM |
| | ) | [wo] |
| ROY WILSON, | ) | |
| | ) | |
| Defendant. | ) | |

### REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

Pursuant to 28 U.S.C. § 636(b)(1), this case was referred to the undersigned United States Magistrate Judge for review and submission of a report with recommended findings of fact and conclusions of law. Upon consideration of the pleadings and evidentiary materials in this case, it is the RECOMMENDATION of the Magistrate Judge that the claims before this court are due to be DISMISSED.

### I.  PARTIES

Plaintiff Lucille Times ("Times" or "Plaintiff"), proceeding *pro se*, is a resident of Montgomery, Alabama.  *See* Doc. 1 at 1.  Defendant Roy Wilson ("Wilson" or "Defendant"), proceeding *pro se*, is a resident of Decatur, Georgia.  *See* Doc. 7 at 1.

### II.  NATURE OF CASE/BACKGROUND

In this *pro se* action, Times asserts that Wilson violated her civil rights by trespassing upon and damaging her property, forging false deeds to her property, and threatening her.  *See* Doc. 1 at 1.  In response, Wilson alleges that Times brought the same claims before the Circuit Court of Montgomery County, Alabama, which ruled in

favor of Wilson and dismissed the claims on November 8, 2012. *See* Doc. 7 at 1.

### III. JURISDICTION

Federal courts are courts of limited jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994). Thus, federal courts only have the power to hear cases as authorized by the Constitution or the laws of the United States, *see Kokkonen*, 511 U.S. at 377, and are required to inquire into their jurisdiction over cases at the earliest possible point in proceedings. *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999). Every federal court operates under an independent obligation to ensure it is presented with the kind of concrete controversy upon which its constitutional grant of authority is based. *FW/PBS, Inc. v. City of Dallas*, 493 U.S. 215, 230 (1990). This obligation on the court to examine its own jurisdiction continues at each stage of the proceedings, even if no party raises jurisdictional issues. *FW/PBS, Inc.*, 493 U.S. at 231 (1990). Additionally, FED R. CIV. P. 12(h)(3) requires that "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."

Pursuant to FED R. CIV. P. 12(h)(3), Times' claims are due to be dismissed. The claims brought before this court alleging trespass upon and damage to Times' property are barred by the doctrine of *res judicata* because there was a final judgment on the merits by a court of competent jurisdiction, the parties are identical in both suits, and because the claims before this court and the Circuit Court of Montgomery County Alabama are the same and arise out of the same nucleus of operative fact. *Times v. Wilson*, Montgomery County Circuit Court, Case No. CV-2012-000457.00 (order dated Nov. 8, 2012).

Additionally, to the extent that Times challenges the validity of the court's decision, a claim she does not explicitly note in her complaint, such a claim is instead barred by the *Rooker-Feldman* doctrine. "The *Rooker-Feldman* doctrine prevents . . . lower federal courts from exercising jurisdiction over cases brought by 'state-court losers' challenging 'state-court judgments rendered before the district court proceedings commenced.'" *Lance v. Dennis*, 546 U.S. 459, 464 (2006) (quoting *Exxon Mobil Corp. v. Saudi Basic Industries Corp.*, 544 U.S. 280, 284, 125 S.Ct. 1517, 161 L.Ed.2d 454 (2005)). Although "*Rooker-Feldman* is a narrow doctrine," it remains applicable and bars Times from proceeding before this court with respect to a claim challenging the decision of the Circuit Court of Montgomery County, Alabama. *Lance*, 546 U.S. at 460; quoting *Exxon Mobil*, 544 U.S. at 284. Lastly, a review of the complaint demonstrates that Times does not assert any claims arising under the constitution, thus failing to invoke this court's federal question jurisdiction, *see* 28 U.S.C. § 1331. Nor does Times indicate any amount in controversy in spite of the fact that there is complete diversity; thus, Times fails to invoke this court's diversity jurisdiction, *see* 28 U.S.C. § 1332.

## IV.  RES JUDICATA

The doctrine of *res judicata* prevents relitigation of matters that were litigated or could have been litigated in an earlier suit. *Manning v. City of Auburn*, 953 F.2d 1355, 1358 (11th Cir. 1992) (quoting *Nevada v. United States*, 463 U.S. 110, 130 (1983)). When a federal court is asked to give *res judicata* effect to a state court judgment, the federal court must apply the *res judicata* principles of the law of the state whose decision is set up as a bar to further litigation. *Kizzire v. Baptist Health Sys., Inc.*, 441 F.3d 1306,

1309 (11th Cir. 2006) (quoting *Amey, Inc. v. Gulf Abstract & title, Inc.*, 758 F.2d 1486, 1509 (11th Cir. 1985). In *I.A. Durbin, Inc. v. Jefferson National Bank*, 793 F.2d 1541 (11th Cir. 1986), the court summarized the doctrine of *res judicata* as applied by Alabama courts as follows:

> *Res judicata* or claim preclusion refers to the preclusive effect of a judgment in foreclosing relitigation of matters that were litigated or could have been litigated in an earlier suit . . . . In order for the doctrine of *res judicata* to bar a subsequent suit, four elements must be present: (1) there must be a final judgment on the merits; (2) the decision must be rendered by a court of competent jurisdiction; (3) the parties, or those in privity with them, must be identical in both suits; and (4) the same cause of action must be involved in both cases.

*I.A. Durbin*, 793 F.2d at 1549 (citations omitted); *see also Equity Res. Mgmt., Inc. v. Vinson*, 723 So.2d 634, 636 (Ala. 1998). Regarding, the fourth element, Alabama uses the "substantial evidence" test to determine whether two causes of action are the same for *res judicata* purposes. *Kizzire*, 441 F.2d at 1309 (quoting *Vinson*, 723 So.2d at 637). The Supreme Court of Alabama has explained the substantial evidence test as follows:

> It is well-settled that the principal test for comparing causes of action for the application of *res judicata* is whether the *primary right and duty or wrong* are the same in each action. *Res judicata* applies not only to the exact legal theories advanced in the prior case, but to *all legal theories and claims* arising out of the same nucleus of operative facts.

*Kizzire*, 441 F.2d at 1309 (quoting *Old Republic Ins. Co. v. Lanier*, 790 So.2d 922, 928 (Ala. 2000) (quotations and citations omitted) (emphasis added). For the reasons set forth, Times' claims are barred by the doctrine of *res judicata*.

A.    **A Final Judgment on the Merits by a Court of Competent Jurisdiction**

The circuit courts of Alabama have exclusive original jurisdiction of all civil

actions in which the matter in controversy exceeds ten thousand dollars ($10,000), exclusive of interest and costs, and shall exercise original jurisdiction concurrent with the district court in all civil actions in which the matter in controversy exceeds three thousand dollars ($3,000), exclusive of interest and costs. ALA. CODE § 12-11-30(1). Additionally, regarding equitable jurisdiction, the powers and jurisdiction of circuit courts as to equitable matters or proceedings shall extend to establish and define uncertain or disputed boundary lines, whether the complaint contains an independent equity or not. ALA. CODE § 12-11-31(5).

This court is uncertain what amount in controversy was asserted in the Circuit Court of Montgomery County, Alabama. To date the court lacks any information about the amount in controversy other than Times' request in the summons to Wilson for a monetary award and Wilson's response in his answer that Times attempted to extort her neighbor for $2,000.00 to ignore any property line dispute. *See* Pl.'s Summons at 2; *see* Def.'s Answer at 2. Nonetheless, Times clearly asserts claims calling for the court to define uncertain or disputed boundary lines as contemplated by ALA. CODE § 12-11-31(5). Thus, the Circuit Court of Montgomery County, Alabama, regardless of the amount in controversy, had jurisdiction over Times' original claims and was competent to hear them.

After asserting jurisdiction of Times' claims, the Circuit Court of Montgomery County, Alabama rendered a judgment in favor of Defendant and found that his erected fence did not encroach on Times' property, dismissing the case. *Times v. Wilson*, Montgomery County Circuit Court, Case No. CV-2012-000457.00 (order dated Nov. 8,

2012).  Plaintiff had 42 days from the date of the entry of that final judgment to appeal the decision; however, Plaintiff did not appeal.  Rule 4(a)(1), Ala. R. App. P.  Thus, for *res judicata* purposes, that judgment became final after the time for filing an appeal had elapsed.  *See Greene v. Jefferson Cnty. Comm'n*, 13 So.3d 901, 911 (Ala. 2008); (citing *Omega Leasing Corp v. Movie Gallery, Inc.*, 859 So.2d 421, 424 n. 1 (Ala. 2003)).

Regarding whether such a decision would constitute a determination on the merits, the Supreme Court of Alabama has said the following:

> A judgment on the merits is when it amounts to a decision as to the respective rights and liabilities of the parties, based on the ultimate fact or state of the parties disclosed by the pleadings or evidence, or both, and on which the right of recovery depends, irrespective of formal, technical, or dilatory objections or contentions.  Key factors in determining whether a judgment may be considered as on the merits are that there have been notice and an opportunity to be heard . . . .
>
> It is not necessary, however, that there should have been a trial.  If the judgment is general, and not based on any technical defect or objection, and the parties had a full legal opportunity to be heard on their respective claims and contentions, it is on the merits . . . .

*Mars Hill Baptist Church of Anniston, Ala., Inc. v. Mars Hill Missionary Baptist Church*, 761 So. 2d 975 (Ala. 2000); *see also Bd. of Tr. of the Univ. of Ala. v. Am. Res. Ins. Co., Inc.*, 5 So. 3d 521, 533 (Ala. 2008); *A.B.C. Truck Lines v. Kenemer*, 25 So.2d 511, 513 (Ala. 1946).  Before rendering its decision and dismissing the case, the Circuit Court for Montgomery County, Alabama conducted a bench trial and considered oral arguments and exhibits presented to the court by each party.  *Times v. Wilson*, Montgomery County Circuit Court, Case No. CV-2012-000457.00 (order dated Nov. 8, 2012).  Accordingly, it is clear that Times was presented with a full and fair opportunity to be heard and that the

court's dismissal of the case was a final judgment on the merits rendered by a court of competent jurisdiction. *Id.*

**B.     Identical Parties**

Parties are "identical" for purposes of *res judicata* when they are the same or in privity with one another. *NAACP v. Hunt*, 891 F.2d 1555, 1561 (11th Cir. 1990) (citing *Lary v. Ansari*, 817 F.2d 1521, 1523 (11th Cir. 1990)). In the lawsuit before the Circuit Court of Montgomery County, Alabama, the parties were as follows: Lucille Times, Plaintiff, versus Roy Wilson, Defendant. *Times v. Wilson*, Montgomery County Circuit Court, Case No. CV-2012-000457.00 (order dated Nov. 8, 2012). Thus, the parties in the present lawsuit are the same as the parties in the previous case.

**C.     The Same Cause of Action and the "Substantial Evidence" Test**

In *Manning v. City of Auburn*, the Court summarized the law regarding when a cause of action is the same for purposes of *res judicata* as follows: "The test is one of substance, not form. *Res judicata* applies not only to the precise legal theory presented in the previous litigation, but to all legal theories and claims arising out of the same operative nucleus of fact." 953 F.2d 1355, 1358-59 (11th Cir. 1992) (quotations and citations omitted). This test, which calls into question whether the present claims arise out of the same operative nucleus of fact, is called the "substantial evidence" test and is used by Alabama courts to determine whether or not the doctrine of *res judicata* applies to bar plaintiffs' claims before courts. *Kizzire*, 441 F.2d at 1309 (quoting *Old Republic Ins. Co. v. Lanier*, 790 So.2d 922, 928 (Ala. 2000)).

Times' claim regarding trespass to property before the Circuit Court of

Montgomery County, Alabama is not only the same claim brought before this court, but rests upon the same operative nucleus of fact as the claim before this court. *Times v. Wilson*, Montgomery County Circuit Court, Case No. CV-2012-000457.00 (order dated Nov. 8, 2012); *see also* Doc. 1 at 1. Before both the Circuit Court of Montgomery County Alabama and this court, Times essentially alleges that Wilson trespassed upon her property by erecting a fence upon her property. Intuitively, such a claim rests upon a determination of the metes and bounds of Times' property and Wilson's property, including his newly-erected fence. Thus, Times has not only asserted the same claims before this court and before the Circuit Court of Montgomery County, Alabama, but she relies upon the same operative nucleus of fact to prove her trespass claim before this court as she did before the Circuit Court of Montgomery County, Alabama. The claims pending before this court are the same claims and underlying facts presented to the Circuit Court of Montgomery County. Thus, at least with respect to Times' trespass claim, the substantial evidence test has been met and the claim warrants dismissal pursuant to the doctrine of *res judicata*.

Accordingly, Times' claim regarding trespass to property is barred by the doctrine of *res judicata* because there was a final judgment on the merits by a court of competent jurisdiction, the parties are identical in both suits, and because the claims before this court and the Circuit Court of Montgomery County Alabama are the same and arise out of the same nucleus of operative fact.

Regarding Times' allegations that Wilson forged false deeds to her property and threatened her well-being, such claims are not due to be dismissed by reason of *res*

*judicata*. If new claims before the court could have been brought and been subject to a final judgment by the original court of competent jurisdiction, involved the same parties as those in the original action, and rest upon the same nucleus of operative fact as the other claims brought before the court, the new claim is also barred by *res judicata* despite the fact that a plaintiff may not have brought the claim before the court in the original action. *In re Piper Aircraft Corp.*, 244 F.3d 1289, 1296 (11th Cir. 2001) (citing *Allen v. McCurry*, 449 U.S. 90, 94 (1980)) (quoting *In re Justice Oaks II, Ltd.*, 898 F.2d 1544, 1552 (11th Cir. 1990)). In other words, while "[r]es judicata acts as a bar 'not only to the precise legal theory presented in the previous litigation, but to all legal theories and claims arising out of the same nucleus of fact,'" which were raised or could have been raised in an earlier proceeding, claims not arising under the same underlying nucleus of fact will not be barred by the doctrine of *res judicata*. *See Driessen v. Fla.*, 2010 WL 4204634, 1 (11th Cir. 2010) (quoting *Ragsdale v. Rubbermaid, Inc.*, 193 F.3d 1235, 1238 (11th Cir. 1999); *Pleming v. Universal-Rundle Corp.*, 142 F.3d 1354, 1356 (11th Cir. 1998).

    While Times' allegations that Wilson forged false deeds to property and threatened her well-being could have been raised in the action before the Circuit Court of Montgomery County, Alabama, such claims do not rest upon the same nucleus of operative facts as required for claims alleging trespass and damage to property, i.e., the metes and bounds of the parties' property and any erections built thereon. Rather, these claims rest upon facts regarding documents, encounters, and conversations between Times and Wilson. Accordingly, the doctrine of *res judicata* does not bar Times' claims

alleging forging of false deeds to property and threats to her well-being. However, for the reasons, set forth in Section VI, such claims still cannot proceed before this court, as the requirements for jurisdiction needed for this court to hear such claims pursuant to 28 U.S.C. §§ 1331, 1332 are not met.

## V.  THE ROOKER-FELDMAN DOCTRINE

To the extent that Times may challenge the validity of the Circuit Court's decision, a claim she does not explicitly note in her complaint, but does state in one of her evidentiary submissions, such a claim is barred by the *Rooker-Feldman* doctrine. *See* Doc. 13 at 36. In the words of the United States Supreme Court, "The *Rooker-Feldman* doctrine prevents . . . lower federal courts from exercising jurisdiction over cases brought by 'state-court losers' challenging 'state-court judgments rendered before the district court proceedings commenced." *Lance*, 546 U.S. at 460 (quoting *Exxon Mobil*, 544 U.S. at 284; *District of Colombia Court of Appeals v. Feldman*, 460 U.S. 462, 486 (1983) (federal district courts "do not have jurisdiction . . . over challenges to state court decisions in particular cases arising out of judicial proceedings even if those challenges allege that the state court's action was unconstitutional.")). Although *"Rooker-Feldman* is a narrow doctrine," it remains applicable to bar Times from proceeding before this court with respect to a claim alleging the original court's error because this case is "brought by [a] state-court [loser] complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced" and "[invites] federal courts of first instance to review and reverse unfavorable state-court judgments." *Lance*, 546 U.S. at 460; *Exxon Mobil*, 544 U.S. at 283. The Circuit Court of Montgomery

County of Alabama dismissed Times' claims in favor of Wilson. Thus, to the extent that Times challenges the decision that renders her a "state-court loser," Times claim is barred by the *Rooker-Feldman* doctrine.

Though the Eleventh Circuit noted in *Wood v. Orange County* the United States Supreme Court's endorsement of general *Rooker-Feldman* rule that a federal district court may not assume jurisdiction over issues that the plaintiff failed to present to state courts, such as error, it imposed a limitation on the rule and announced that the *Rooker-Feldman* bar can apply only where the plaintiff had a reasonable opportunity to have his claims of error heard before a state appeals court. 715 F.2d 1543, 1547-48 (11th Cir. 1983) (explaining that the *Rooker-Feldman* bar did not bar the plaintiff's claims where the plaintiff had no reasonable opportunity to appeal allegedly erroneous judgments). The court stressed that interpreting *Rooker* to preclude a federal district court from considering an issue that the plaintiff had no reasonable opportunity to raise in state courts might pose due process problems and that such a harsh rule might deprive the plaintiff of any forum, state or federal, where he has a reasonable opportunity to present his federal constitutional claims, a result arguably contrary to the requirements of due process. *See Testa v. Katt*, 330 U.S. 386, 67 S.Ct. 810, 91 L.Ed. 967 (1947); *General Oil Co. v. Crain*, 209 U.S. 211, 28 S.Ct. 475, 52 L.Ed. 754 (1908).

However, contrary to the plaintiffs in *Wood v. Orange County*, Times had a reasonable opportunity to appeal the unfavorable decision to a state appeals court, but to her detriment, squandered that opportunity by bringing her claims of error before this court. *See* Doc. 1 at 1. The plaintiffs in *Wood v. Orange County* were prevented from

entering a timely appeal because the court found that the plaintiffs had no actual notice of the judgment and because they could not be imputed with constructive knowledge of a judgment entered pursuant to *ex parte* proceeding of which they had no actual notice. The court thus found that the plaintiffs had no knowledge of the judgment until after the time for filing an appeal had passed, and consequently, had no reasonable opportunity to have their claims of error heard by an appropriate court. *Wood*, 715 F.2d at 1548. Here, however, Plaintiff has not been faced with, for instance, a judgment rendered as a result of an *ex parte* proceeding which would preclude a timely, reasonable opportunity for review by an appropriate appeals court. Rather, Plaintiff had a reasonable opportunity for her claims to be heard, and upon receiving a judgment against her, simply filed for an appeal in the wrong court; such a mistake invokes the bar of *Rooker-Feldman*. In the words of the United States Supreme Court, the *Rooker-Feldman* doctrine is the means "under which a party losing in state court is barred from seeking what in substance would be appellate review of the state judgment in a United States district court, based on the losing party's claim that the state judgment itself violates the loser's federal rights." *Johnson v. De Grandy*, 512 U.S. 997, 1005-06 (1994).

For these reasons, the *Rooker-Feldman* doctrine applies to bar a claim requesting a review of any error the Circuit Court of Montgomery County, Alabama may have committed.

### VI. FEDERAL QUESTION JURISDICTION AND DIVERSITY JURISDICTION

A review of the complaint demonstrates that Plaintiff does not assert any federal

claims arising under the constitution.  Thus, Plaintiff fails to invoke this court's federal question jurisdiction.  *See* 28 U.S.C. § 1331.

Additionally, with respect to diversity jurisdiction, the record reveals that Plaintiff is a citizen of Alabama and Defendant is a citizen of Georgia, Plaintiff has not indicated whether the amount in controversy exceeds $75,000.  *See* Docs. 6, 7; *see* 28 U.S.C. § 1332.  On October 1, 2013, this court ordered Plaintiff to show cause why this case should not be dismissed for lack of subject matter jurisdiction.  *See* Doc. 12 at 2.  Plaintiff has failed to indicate any amount in controversy, much less one which would, together with complete diversity of citizenship, establish diversity jurisdiction.  *See* 28 U.S.C. § 1332.  Thus, Plaintiff fails to invoke this court's diversity jurisdiction.  *See* 28 U.S.C. § 1332.

## VII.  CONCLUSION

Accordingly, it is the **RECOMMENDATION** of the Magistrate Judge that pursuant to FED R. CIV. P. 12(h)(3) this case be **DISMISSED**.

It is further **ORDERED** that the parties are **DIRECTED** to file any objections to the Magistrate Judge's Recommendation **on or before March 21, 2014**.  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation objected to.  Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a de novo determination by the

District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); s*ee Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982); s*ee also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*) (adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981).

      DONE this 7th day of March, 2014.

                                /s/ Terry F. Moorer
                                TERRY F. MOORER
                                UNITED STATES MAGISTRATE JUDGE